## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Charles W. Ries, Chapter 7 Trustee,

        Plaintiff,

v.                                      **ORDER**
                                       Civil No. 12-1616 ADM

Thomas Bjorge,

        Defendant.
_____

      This adversary proceeding was initiated in Bankruptcy Court by a bankruptcy trustee asserting a fraudulent transfer claim under 11 U.S.C. § 548.  Docket No. 1, Attach. 1 (Compl.).  The defendant demands a jury trial and does not consent to trial of the matter by the Bankruptcy Court.  Thus, the Bankruptcy Court ordered that the adversary proceeding be transferred to the District Court pursuant to Local Rule 5011-3(a).[1]  Docket No. 1, Attach. 17 (Transfer Order).

      The transfer of to the District Court is premature at this early stage in the adversary proceeding.  The interests of judicial economy are best served by returning the proceeding to the Bankruptcy Court to utilize that court's expertise until the proceeding is trial ready.  See In re Healthcentral.com, 504 F.3d 775, 787-88 (9th Cir. 2007) (finding a defendant's

---

[1] Local Rule 5011-3(a) states in relevant part:

> On the [bankruptcy] judge's own initiative or on motion of a party in interest, the bankruptcy judge shall transfer to the district court: 1) any proceeding in which the court has determined that there is a right to trial by jury of the issues for which a jury has been timely demanded, and the parties have not consented to the bankruptcy judge conducting the jury trial.

Seventh Amendment right to a jury trial in district court does not require immediate transfer of the proceeding to the district court, and the bankruptcy court's retention of the proceeding until it is trial ready promotes judicial economy by utilizing the bankruptcy court's specialized knowledge of Title 11 actions); In re Enron Corp., 318 B.R. 273, 275-76 (S.D.N.Y. 2004) (denying withdrawal at the "early stage" of an adversary proceeding because the bankruptcy court's retention of the proceeding "until the case is trial-ready would further the interests of judicial economy"); In re Petters Co., 440 B.R. 805, 810 (Bankr. D. Minn. 2010) (stating the bankruptcy court's retention of the proceeding for pre-trial matters "make[s] best use of the specialized expertise of the bankruptcy judiciary").

Accordingly, the case is remanded to the Bankruptcy Court until the proceeding is trial ready.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 13, 2012.